## IN THE COURT OF APPEALS OF IOWA

No. 23-1022
Filed August 9, 2023

**IN THE INTEREST OF A.M. and T.M.,**
**Minor Children,**

**C.M., Mother,**
　　　Appellant.
_____

　　　Appeal from the Iowa District Court for Scott County, Korie Talkington, District Associate Judge.

　　　A mother appeals the termination of her parental rights. **AFFIRMED.**

　　　Camille Kahn of Brubaker, Flynn & Darland, P.C., Davenport, for appellant mother.

　　　Brenna Bird, Attorney General, and Natalie Hedberg, Assistant Attorney General, for appellee State.

　　　Patricia A. Rolfstad, Davenport, attorney and guardian ad litem for minor children.

　　　Considered by Ahlers, P.J., Chicchelly, J., and Mullins, S.J.*

　　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**MULLINS, Senior Judge.**

A mother appeals the termination of her parental rights to her children—born in 2019 and 2020—under Iowa Code section 232.116(1)(f) and (h) (2023). She argues the Iowa Department of Health and Human Services failed to make reasonable efforts at reunification and the permissive exception to termination in Iowa Code section 232.116(3)(c) should have been applied.[1]

Beginning with the mother's reasonable-efforts challenge, the mother submits she preserved error "through the statement of counsel during the termination hearing arguing the failures of the department to explore additional avenues to best allow [the mother] to demonstrate her ability to parent the children." The State responds that waiting until the termination hearing to raise her complaints about services was too late to preserve error. We agree. *See In re T.S.*, 868 N.W.2d 425, 442 (Iowa Ct. App. 2015) (noting the parent has the responsibility "to demand other, different, or addition services *prior* to the termination hearing" and when the parent "fails to request other services at the proper time, the parent waives the issue and may not later challenge it at the termination proceeding" or on appeal (citations omitted)). While the mother also

---

[1] In the portion of her petition on appeal concerning the "[n]ature of the case and relief sought," the mother passively states "clear and convincing evidence does not exist to show the children were unable to be returned to [her] care at the time of the hearing" and "termination of parental rights is not in the best interest of the children due to the closeness of the parent-child relationship." However, the only "legal issues presented for appeal" in the portion of the mother's petition dedicated to actual substantive argument, are that the State failed to make reasonable efforts at reunification and the permissive exception to termination in Iowa Code section 232.116(3)(c) should have been applied. We only address the arguments for which the mother provides substantive argument and deem the others waived. *See* Iowa R. App. P. 6.903(2)(g)(3).

claims the department's reports indicate the mother requested additional services "in the form of play therapy," raising the issue to someone other than the court does not preserve error.[2]  *In re C.H.*, 652 N.W.2d 144, 148 (Iowa 2002).  And the lack of play therapy was not an inadequacy the mother alleged at the termination hearing.

Turning to the permissive exception cited by the mother, Iowa Code section 232.116(3)(c) authorizes the court to forgo termination when it "would be detrimental to the child . . . due to the closeness of the parent-child relationship." The application of a statutory exception to termination, if one is established, is "permissive, not mandatory."  *In re M.W.*, 876 N.W.2d 212, 225 (Iowa 2016) (citation omitted).  And "the parent resisting termination bears the burden to establish an exception."  *In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018).

As the mother points out, there was testimony that the children share some form of a bond with her.  But the mother presented no evidence that the bond is so strong that the children would suffer physical, mental, or emotional detriment upon termination.  And it is hard to imagine they would given their relatively young age; the length of removal; and their bond with and integration into their foster placement, which serves as a viable permanency option.  As such we conclude this exception to termination is not applicable and affirm termination.

**AFFIRMED.**

---

[2] The case permanency plan—dated mere days before the June 2023 termination hearing—noted the mother "would like the children to be enrolled in some form of play therapy."  However, the plan explained "play therapy is not something that has been established given the children have become accustomed to their foster home and have not shown signs of aggression or behaviors."